## Quillman *versus* Custer.

A devise "to my son, the messuage, &c., the use and occupation thereof during his natural life where he now occupies. · My will is that there shall be no more wood taken off the premises than is required for the necessary use of the farm. At the decease of my son, the property to descend to his heirs at law." The devisee took a fee.

January 21st 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. STRONG, J., at Nisi Prius.

Error to the Court of Common Pleas of *Montgomery county:* No. 211 to January Term 1868.

This was an amicable action of covenant in which Matthias Custer was plaintiff and Philip Quillman was defendant, and in which there was a case stated for the opinion of the court. By the case it appeared that Cornelius Custer, by his will, devised as follows, viz. :—

"I give and bequeath to my son Matthias the messuage and 80 acres of land, the use and occupation thereof, during his natural life, where he now occupies, situate in Worcester township. My will is that there shall be no more wood taken off the premises than is required for the necessary use of the farm. At the decease of my son Matthias the property to descend to his heirs at law. My said son Matthias paying out of the aforesaid messuage and tract of land unto my said wife the sum of $40, which sum I hereby bequeath to her yearly and every year during her natural life, for her maintenance and support, all of which legacies to my said wife I do hereby declare to be in lieu and stead of her dower at common law."

On the 1st of November 1867, Matthias Custer, the plaintiff, covenanted to convey the property above devised to Philip Quillman, the defendant, on the 11th of the same month. On that day the plaintiff executed and offered to deliver to the defendant a deed in fee for the premises upon payment of the purchase-money. The defendant declined to accept the deed and pay the purchase-money, on the ground that the plaintiff had but a life estate in the devise.

It was agreed that if the court should be of opinion that the plaintiff had a fee, judgment should be entered for him for $100 ; if otherwise, judgment should be entered for the defendant.

Chapman, P. J., entered judgment for the plaintiff for $100. The defendant took a writ of error, and assigned the entering of judgment for error.

*J. Boyd,* for plaintiff in error.

*B. E. Chain,* for defendant in error, cited Potts's Appeal, 6

[Quillman *v.* Custer.]

Casey 168; Guthrie's Appeal, 1 Wright 9; Haldeman *v.* Haldeman, 4 Id. 29; Walker *v.* Vincent, 7 Harris 369; Reifsnyder *v.* Hunter, Id. 41; Curtis *v.* Longstreth, 8 Wright 302; Naglee's Appeal, 9 Casey 89.

The opinion of the court was delivered, January 30th 1868, by
THOMPSON, C. J.—For the reasons given in Steiner *v.* Kolb, ante 123, we think the judgment should be affirmed. Matthias Custer took a fee in the land in dispute, under his father's will. It was a devise to him for life, and at his decease the " property to *descend* to his heirs at law." The estate passed to him and his heirs absolutely and .generally. This created a fee, and the purchaser from him was bound to accept his deed for the land and pay the purchase-money.

Judgment affirmed.